```
IN THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

JENISE BROCKS,                   :
                                 :
        Plaintiff,                :
vs.                              :  CIVIL ACTION 10-0004-WS-M
                                 :
FARMERS INSURANCE, et al.,       :
                                 :
        Defendants.               :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(d), and is now before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

On February 11, 2010, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 6), was denied. Because Plaintiff was employed and based on other information in the motion, Plaintiff was ordered to pay the $350.00 filing fee in three payments so as to not deprived her of the basic necessities of life. The first payment of $116.66 was due by March 12, 2010. The second payment of $116.67 was due by April 13, 2010. The third payment of $116.67 was due by May 13, 2010 (Doc. 7). Plaintiff was warned that her failure to comply with the Order within the prescribed time, which included the missing of just one payment, would result in the dismissal of her

action for failure to prosecute and obey the Court's Order.

On March 11, 2010, Plaintiff paid the first installment of $116.66 (Doc. 8). As of this date, Plaintiff has not made any additional payments, nor has she otherwise responded to the Court's Order. The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by not making a $116.67 payment for April 13, 2010, and for May 13, 2010, and upon consideration of the alternatives that are available to the Court, it is recommended that, through the Court's inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir.) (The court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."), cert. denied, 549 U.S. 1228 (2007); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent

power and noting cases where this type of dismissal has been conflated with a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure). Plaintiff is advised that the dismissal of this action will effectively operate as a dismissal with prejudice because she will not be able to re-file a viable complaint as the t window of the time for filing her complaint has expired. See Dismissal and Notice of Rights, dated November 30, 2009 (Doc. 1 at 4).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the

original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 29th day of July, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE